SAMUEL SYLVESTER *vs.* JOHN R. EDGECOMB, appellant..

Androscoggin. Opinion December 15, 1884.

*Trader. Insolvent law. R. S., c. 70, § 44.*

A person who, in the course of a few months, is engaged with another in· purchasing one hundred cattle, and sells them to the proprietor of an establishment for " canning " beef, in pursuance of a previous contract with such proprietor, is a trader within the meaning of that term in the insolvency laws of this state.

ON EXCEPTIONS.

An appeal from the decree of the court of insolvency in refusing a discharge to John R. Edgecomb, as an insolvent debtor, on the ground that he was a trader and kept no cash book. The exceptions were to the ruling of the court in affirming the decree of the court of insolvency.

The opinion states the facts.

*N. and J. A. Morrill,* for the appellee.

*Asa P. Moore,* for the appellant, contended that the· act of purchasing cattle under a contract with the canner, is an entirely separate and isolated transaction, and showed no intent on the part of the insolvent to set up the business or trade of cattle-dealer, and cited : *In re Rogers,* 3 B. R. 564; S. C. Lowell, 423 ; *Groves* v. *Kilgore,* 72 Maine 491 ; *In re Mark Banks,* 1 N. Y. Leg. Obs. 274, cited in Bump. p. 706.

PETERS, C. J. " In the fall of 1879, the insolvent, in company with another, purchased one hundred cattle for canning, in Harpswell, under contract with the canner, and sold

them to him." Was the insolvent a trader? We feel compelled by the decisions, to declare that he was. It is not an entirely clear and unquestionable case perhaps. It belongs to the class of cases that are found near the border line. The most difficult questions are where a party has other business, and his buying and selling is an occasional thing.

A butcher who kills only such cattle as he has reared himself, is not a trader; but if he buy them and kill and sell them, with a view to profit, he is a trader. A farmer who, in addition to his usual business, occasionally bought a horse to sell again for a profit, and continued the practice for one or two years, was held to be a trader. Another farmer, who bought a large quantity of potatoes, not to be used on his farm, but merely to sell again at a profit, was also declared to be a trader. Bou. Law Dic. (15th ed.) "Trader," and cases there collected. The extent or duration of the business is not the most material test.

Here there must have been many purchases — a business of purchasing. A good deal of time and capital, or credit, must have been involved. It is argued that there was legally but one sale. There may not have been but one contract of sale. But the inference would be that there were many sales, or, at least, many deliveries, one contract regulating the mode and manner of payment for all the deliveries. A person might, in the same manner, do a business of vast magnitude, requiring years for its prosecution.

The other transactions were not of so much significance. The same parties, in the year before and in the year after this transaction, purchased parcels of standing wood, and cut, hauled and sold the same. Here the value of the wood in the market, consisted much more in the labor of the parties than all else. A trader is one who sells goods substantially in the form in which they are bought. Still, it has been held that one engaged in the manufacture and sale of lumber may be a trader. Bou. Law Dic. We hardly think that the last named transactions, standing alone, would make the parties traders. But they serve to show that the insolvent made frequent departures from the business of farming, which he claims was his accustomed

occupation. In the case of *In re Cleland,* 2 Chan. App. Cas. 466, it was held that the lessee of a quarry, who digs rock and makes it into slate for sale, is not a trader within the meaning of the English bankrupt acts.

Any general definition of the word trader, would fail to suit all cases. Each case has its peculiarities. We are to look to the object to be attained by the requirement that the trader shall keep a cash book. We think such an extensive dealing in cattle, brings this case within the purpose of the insolvent act, which requires that books shall be kept. We think that persons who sold their cattle upon credit, would be entitled to see some recorded account of the transactions which probably produced the debtor's insolvency.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.